

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMANUEL LEE COLEMAN, JR.,

   Plaintiff,

v.

CITY OF NEW YORK; Commissioner
MARTIN F. HORN; Chief of Department
CAROLYN THOMAS; Deputy
Commissioner RICHARD R. WHITE;
Warden EMMANUEL BAILEY; Officer J.
JONES, Shield # 17628; Officer F.
CALDERON, Shield # 9393; Officers
JOHN DOES #1-3,

   Defendants.

Civil No. 09-00960 (PGG) (JCF)

ECF Case

**CASE MANAGEMENT ORDER**

JAMES C. FRANCIS IV, U.S.M.J.:

   After consultation with counsel for the parties, the Court adopts the following Case Management Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f):

1. The parties do not consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2. This case is to be tried to a jury.

3. No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties must be filed within 30 days from the date of this Order.

4. A party may not amend its pleadings except with leave of the Court. Except for good cause shown, any motion to amend pleadings must be filed within 30 days from the date of this Order.

5. The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than 14 days from the date of this Order.

6. The parties must complete fact discovery no later than April 5, 2010.

7. If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact

discovery by the date set forth in paragraph 6. Under this Order's interim deadlines, the parties must:

(a.) Serve initial requests for production of documents by November 4, 2009.

(b.) Serve initial interrogatories by November 4, 2009.

(c.) The parties agree to make good faith efforts to produce documents on a rolling basis.

(d.) Complete depositions of fact witnesses by April 5, 2010.

   (i) Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

   (ii) There is no priority in deposition by reason of a party's status as plaintiff or defendant.

   (iii) Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend any deposition beyond one business day without prior leave of the Court.

(e.) Serve requests to admit no later than March 5, 2010.

8. Expert Testimony. If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all expert discovery by the date set forth in paragraph 8(d).

(a.) Every party-proponent that intends to offer expert testimony in respect of a claim—including any counterclaim, cross-claim or third-party claim—must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by May 17, 2010.

(b.) Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by June 28, 2010.

(c.) No party may offer expert testimony—whether designated as "rebuttal" or otherwise—beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than 7 calendar days after the latter of the dates specified in paragraph 8(a). The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8(d).

(d.) All expert discovery—including expert depositions, if any—must be completed no later than August 23, 2010.

    (e.)    Plaintiff anticipates expert testimony concerning the following issues:

        (i)    Plaintiff's alleged Damages and Injuries

        (ii)    Plaintiff reserves the right to propose expert testimony on other issues and to rebut expert testimony proffered by defendants on any other issue.

    (f.)    Defendants anticipate expert testimony concerning the following issues:

        (i)    Plaintiff's alleged Damages and Injuries

        (ii)    Defendants reserves the right to propose expert testimony on other issues and to rebut expert testimony proffered by plaintiff on any other issue.

9. <u>Settlement</u>. No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

10. Parties may make post-discovery dispositive motions in accordance with the Court's Individual Practices and the following schedule:

    (a.)    Parties must serve moving papers, if any, by September 22, 2010.

    (b.)    Parties must serve opposition papers, if any, by October 22, 2010.

    (c.)    Parties must serve reply papers, if any, by November 9, 2010.

11. Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

12. Counsel for the parties have conferred and their present best estimate of the length of trial is two weeks.

13. At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a <u>Ready Trial Date</u>. At any time on or after the <u>Ready Trial Date</u>, the Court may call the parties to trial upon <u>48 hours' notice</u>. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts— including, but not limited to, trials and vacations—that would prevent a trial at a particular time. Such notice must come <u>before</u> the Court notifies counsel of an <u>actual trial date</u>, <u>not after</u> counsel receives notification of the actual trial date. Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

14. Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance—signed by all parties—before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they <u>must</u> immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

Dated: New York, New York

~~October~~, 2009
**Nov. 2,**

SO ORDERED:

_____
HONORABLE JAMES C. FRANCIS IV
United States Magistrate Judge